# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**<br>1156 15th St., N.W., Suite 1020<br>Washington, D.C. 20005<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br><br>**FEDERAL BUREAU OF INVESTIGATION**<br>935 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20535<br><br>**EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**<br>950 Pennsylvania Avenue, N.W., Room 2242<br>Washington, D.C. 20530-0001<br><br>　　　　　Defendants. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The Reporters Committee for Freedom of the Press (the "Reporters Committee," "RCFP," or "Plaintiff"), by and through its undersigned counsel, hereby allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), for declaratory, injunctive, and other appropriate relief brought by the Reporters Committee against the United States Department of Justice ("DOJ"), Federal Bureau of

1

Investigation ("FBI"), and the Executive Office for United States Attorneys ("EOUSA") (collectively, "Defendants").

2. By this action, the Reporters Committee seeks to compel Defendants to comply with their obligations under FOIA to release records it requested that are related to law enforcement questioning of San Francisco-based journalist Bryan Carmody, as well as the search and seizure of his property, including journalistic work product. Plaintiff is statutorily entitled to disclosure of the requested records, which Defendants have withheld in violation of the Act.

## PARTIES

3. Plaintiff Reporters Committee is an unincorporated nonprofit association of reporters and editors dedicated to preserving the First Amendment's guarantee of a free press and vindicating the rights of the news media and the public to access government records. The Reporters Committee is located at 1156 15th Street, N.W., Suite 1020, Washington, DC 20005.

4. Defendant United States Department of Justice is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks. The DOJ's headquarters is located at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

5. Defendant Federal Bureau of Investigation ("FBI"), headquartered at 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535, is a component of DOJ and an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of records that Plaintiff seeks.

6. Defendant Executive Office for United States Attorneys ("EOUSA"), headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530, is a component of DOJ and an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of records that Plaintiff seeks.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

### Legal Background

9. In or about January 2015, the DOJ updated its policy regarding obtaining information from and questioning members of the news media (the "News Media Policy"). *See* 28 C.F.R. 50.10. The News Media Policy mandates robust review and evaluation by the DOJ Criminal Division of requests for authorization to use law enforcement tools to question and obtain information from members of the news media.

10. Under the News Media Policy, Attorney General approval is required before members of the DOJ can execute a search warrant against or question a member of the news media based on conduct related to newsgathering activities. *See* 28 C.F.R. 50.10.

11. Section 9-13.400 of the United States Attorneys' Manual complements the News Media Policy's strict consultation requirements by mandating that members of the DOJ submit a memorandum to the DOJ's Policy and Statutory Enforcement Unit ("PSEU") describing the relevant facts and considerations required to determine whether the DOJ may obtain information from, or records of, members of the news media, question or arrest members of the news media, or execute a search warrant against members of the news media. 9-13.400 News Media Subpoenas; Subpoenas for Telephone Toll Records of News Media; Interrogation, Arrest, or Criminal Charging of Members of the News Media, 1999 WL 33219860, at *1. Submission of this memorandum is part of the mandatory consultation requirement wherein the Attorney

General can evaluate whether law enforcement tools may be used with respect to members of the news media.

12. Section 9-13.400 of the United States Attorneys' Manual also states that in the event there is a question of whether an individual or entity is a member of the news media, "members of the [DOJ] must consult with the PSEU before employing the use of a covered law enforcement tool. Members of the [DOJ] must also consult with the PSEU regarding whether the conduct at issue of the affected member of the news media constitutes or relates to 'newsgathering activities.'" 1999 WL 33219860, at *2.

13. The Privacy Protection Act of 1980, Pub. L. No. 96-440, 94 Stat. 1879 (1980), codified at 42 U.S.C. §§ 2000aa, 2000aa-5–20000aa-7, provides federal protection for journalists by limiting when law enforcement—including state and local agencies—may search for or seize journalistic work product or documentary materials.

14. California's Constitution and statutory law also protect journalists and their work by, *inter alia*, protecting the identity of their sources and the contents of their work product, prohibiting the use of a search warrant to seize journalistic work product, and providing that an aggrieved journalist may seek the return of items seized in violation of the law. *See* Cal. Const. art. I, § 2(b); Cal. Evid. Code § 1070; Cal. Penal Code § 1524(g); Cal. Penal Code § 1538(n).

**Mr. Carmody and the May 10, 2019 Law Enforcement Actions**

15. Bryan Carmody has worked for nearly three decades as a journalist and videographer covering the Bay Area of California. *See* Amir Vera and Keith Allen, *San Francisco police seize equipment of freelance journalist who refused to identify a source*, CNN (June 11, 2019), https://perma.cc/Y9HR-XJR4.

16. On or around April 11, 2019, San Francisco Police Department personnel sought Mr. Carmody's cooperation in identifying his confidential source for a police report related to

4

the death of San Francisco public defender Jeff Adachi earlier in 2019. Mr. Carmody declined to identify his confidential source.

17. Almost one month later, on or about May 10, 2019, San Francisco police raided Mr. Carmody's home and office, taking a sledgehammer to the gate of his house and seizing his computers, phones, and other devices. *See* Laurel Wamsley, *San Francisco Police Raid Journalist's Home After He Refuses To Name Source*, NPR (May 13, 2019), https://perma.cc/V8YQ-LWBS.

18. Mr. Carmody stated that during the May 2019 search of his home, two men who identified themselves as FBI agents tried to interview him, but he declined to speak with them and asked for a lawyer. *See* Evan Sernoffsky, *SF police raid journalist's home in probe over leaked Adachi report*, San Francisco Chronicle (May 10, 2019), https://perma.cc/B66P-YCGQ.

19. An FBI spokeswoman confirmed FBI agents were present during the May 10, 2019 raid "to interview Carmody." Eli Rosenberg, *A reporter declined to reveal his source. Then Police showed up at his front door with guns*, The Washington Post (May 11, 2019), https://perma.cc/K9XB-W5BH.

20. Mr. Carmody subsequently sought and obtained orders from California state courts quashing all five search warrants issued with respect to him. *See* Order Granting Motion to Quash and Granting Motion to Unseal Search Warrant 25161763 (Cal. Sup. Ct., Jul. 22, 2019), https://perma.cc/UZ3F-G2H5; Order Granting Motion to Quash, Granting Motion to Unseal the Search Warrant Materials, Granting and Denying Requests to Redact Information from Unsealed Affidavit and Making of Related Orders (Cal. Sup. Ct., Aug. 22, 2019), https://perma.cc/EG4K-PV5G; Order of the Court (Cal. Sup. Ct., Aug. 2, 2019), https://perma.cc/EQ6H-ZXU4; Order Granting Motion to Return Property and Motion to Quash re: Search Warrant (Cal. Sup. Ct., Aug. 8, 2019), https://perma.cc/RF5E-UYNY; Order Granting

Motion to Return Property and Granting Motion to Quash Search Warrant 43684 (Cal. Sup. Ct., Aug. 2, 2019), https://perma.cc/5C5N-KU75.

### Plaintiff's FOIA Requests

<u>Request to the DOJ Criminal Division</u>

21. On or about June 21, 2019, the Reporters Committee submitted a FOIA request to the DOJ Criminal Division via email (the "DOJ Request"). A true and correct copy of the DOJ Request (without attachment) is attached hereto as Exhibit 1 and is incorporated by reference herein.

22. The DOJ Request sought the following:

• All records mentioning or referring to Bryan Carmody.

• All records, including email correspondence, text messages, and other electronic messages, that include the term "Carmody" (case insensitive) and any of the following keywords (case insensitive):

 a. Shield
 b. Privacy Protection Act
 c. PPA
 d. Leak
 e. Leaks
 f. Subpoena
 g. Newsgathering
 h. Question
 i. Questions
 j. Questioning
 k. Media
 l. Warrant
 m. Search
 n. Seize
 o. Seizure;

• All communications, including email correspondence, text messages, and other electronic messages between any individual at the Department of Justice and

a. the San Francisco Police Department
b. the District Attorney's Office for the City and County of San Francisco
c. the San Francisco Sheriff's Department
d. the California Bureau of Investigation
e. the California Office of the Governor, and/or
f. the California Highway Patrol

that mention, refer to, or discuss Bryan Carmody;

• All records mentioning, referring to, or constituting the memorandum sent from the United States Attorney's Office for the Northern District of California seeking approval for questioning, arresting, or charging Bryan Carmody.

23. The DOJ Request included a signed privacy waiver/DOJ-361 form from Mr. Carmody.

24. The DOJ Request sought both a fee benefit as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii).

25. By letter dated June 24, 2019, DOJ acknowledged receipt of the DOJ Request, assigning it tracking number CRM-300751063. A true and correct copy of the DOJ's acknowledgement letter is attached hereto as Exhibit 2.

26. The DOJ's June 24, 2019 letter further stated that the Reporters Committee's request for a fee benefit as a representative of the news media was being deferred.

27. As of the date of this Complaint, the Reporters Committee has not received a determination with respect to the DOJ Request.

## Request to the FBI

28. On June 21, 2019, the Reporters Committee submitted a FOIA request to the FBI via fax (the "FBI Request"). A true and correct copy of the FBI Request (without attachment) is attached hereto as Exhibit 3 and is incorporated by reference herein.

29. The FBI Request sought the following:

7

• All records mentioning or referring to Bryan Carmody.

• All records, including email correspondence, text messages, and other electronic messages, that include the term "Carmody" (case insensitive) and any of the following keywords (case insensitive):

    a. Shield
    b. Privacy Protection Act
    c. PPA
    d. Leak
    e. Leaks
    f. Subpoena
    g. Newsgathering
    h. Question
    i. Questions
    j. Questioning
    k. Media
    l. Warrant
    m. Search
    n. Seize
    o. Seizure;

• All communications, including email correspondence, text messages, and other electronic messages between any individual at the FBI and

    a. the San Francisco Police Department
    b. the District Attorney's Office for the City and County of San Francisco
    c. the San Francisco Sheriff's Department
    d. the California Bureau of Investigation
    e. the California Office of the Governor, and/or
    f. the California Highway Patrol

that mention, refer to, or discuss Bryan Carmody;

• All records mentioning, referring to, or constituting the memorandum sent from the United States Attorney's Office for the Northern District of California seeking approval for questioning, arresting, or charging Bryan Carmody.

30. The FBI Request included a signed privacy waiver/DOJ-361 form from Mr. Carmody.

31. The FBI Request asked that the records of the FBI San Francisco Field Office be searched in addition to other locations likely to contain responsive records.

32. The FBI Request sought both a fee benefit as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii).

33. By letter dated June 25, 2019, the FBI acknowledged receipt of the FBI Request, assigning it tracking number 1440326-000, and granted the Reporters Committee's request for a fee benefit as a representative of the news media. A true and correct copy of the FBI's acknowledgement letter is attached hereto as Exhibit 4.

34. By letter dated July 26, 2019, the FBI denied the FBI Request, citing FOIA Exemption 7(A). A true and correct copy of the FBI's denial letter is attached hereto as Exhibit 5.

35. On August 15, 2019, Plaintiff submitted an administrative appeal via FOIAOnline to the DOJ Office of Information Policy ("OIP") challenging the FBI's invocation of Exemption 7(A). A true and correct copy of Plaintiff's administrative appeal is attached hereto as Exhibit 6 and is incorporated by reference herein.

36. By letter dated September 12, 2019, OIP responded to Plaintiff's administrative appeal, stating that the administrative appeal had been denied and the decision of the FBI was being upheld. A true and correct copy of OIP's September 12, 2019 letter is attached hereto as Exhibit 7.

### Request to the EOUSA

37. On or about June 21, 2019, the Reporters Committee submitted a FOIA request to the EOUSA via email (the "EOUSA Request"). A true and correct copy of the EOUSA Request (without attachment) is attached hereto as Exhibit 8 and is incorporated by reference herein.

38. The EOUSA Request sought the following:

• All records mentioning or referring to Bryan Carmody.

• All records, including email correspondence, text messages, and other electronic messages, that include the term "Carmody" (case insensitive) and any of the following keywords (case insensitive):

    a. Shield
    b. Privacy Protection Act
    c. PPA
    d. Leak
    e. Leaks
    f. Subpoena
    g. Newsgathering
    h. Question
    i. Questions
    j. Questioning
    k. Media
    l. Warrant
    m. Search
    n. Seize
    o. Seizure;

• All communications, including email correspondence, text messages, and other electronic messages between any individual at the EOUSA and

    a. the San Francisco Police Department
    b. the District Attorney's Office for the City and County of San Francisco
    c. the San Francisco Sheriff's Department
    d. the California Bureau of Investigation
    e. the California Office of the Governor, and/or
    f. the California Highway Patrol

that mention, refer to, or discuss Bryan Carmody;

• All records mentioning, referring to, or constituting the memorandum sent from the United States Attorney's Office for the Northern District of California seeking approval for questioning, arresting, or charging Bryan Carmody.

39. The EOUSA Request included a signed privacy waiver/DOJ-361 form from Mr. Carmody.

40. The EOUSA Request sought records maintained by the United States Attorneys' Office for the Northern District of California.

41. The EOUSA Request sought both a fee benefit as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii).

42. By email dated June 24, 2019, the EOUSA acknowledged the EOUSA Request and assigned it tracking number EOUSA-2019-003470.  A true and correct copy of the EOUSA's acknowledgement email is attached hereto as Exhibit 9.  The email did not address the Reporters Committee's request for a fee benefit.

43. By letter dated July 26, 2019, the EOUSA further acknowledged receipt of the EOUSA Request, but did not address the Reporters Committee's request for a fee benefit.

44. As of the date of this Complaint, Plaintiff has not received a determination with respect to the EOUSA Request.

Current Status of Plaintiff's Requests

45. As of the filing of this Complaint, Plaintiff has not received a determination or any records with respect to the DOJ Request or EOUSA Request.

46. As of the filing of this Complaint, Plaintiff has not received any records responsive to the FBI Request.

47. As of the filing of this Complaint:

- The DOJ Request has been pending for 91 days;

- The FBI Request has been pending for 92 days; and

- The EOUSA Request has been pending for 91 days

### CAUSES OF ACTION

### COUNT I: VIOLATION OF FOIA
### FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES

### (Defendants DOJ and EOUSA)

48. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 47 as though fully set forth herein.

49. Defendants DOJ and EOUSA are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

50. The DOJ Request and EOUSA Request properly seek records under FOIA that are within the possession, custody, and/or control of DOJ and EOUSA.

51. The DOJ Request and EOUSA Request complied with all applicable regulations regarding the submission of FOIA requests.

52. Defendants DOJ and EOUSA failed to make a determination regarding the DOJ Request and EOUSA Request within the statutory deadlines as required by FOIA. 5 U.S.C. § 552(a)(6)(A).

53. The failure of Defendants DOJ and EOUSA to make a determination with respect to the DOJ Request and EOUSA Request within FOIA's statutory deadlines violates their obligations under FOIA. 5 U.S.C. § 552(a)(6)(A).

54. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the DOJ Request and EOUSA Request. 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT II: VIOLATION OF FOIA
## FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS

**(All Defendants)**

55. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 47 as though fully set forth herein.

56. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

57. The DOJ Request, FBI Request, and EOUSA Request properly seek records under FOIA that are within the possession, custody, and/or control of Defendants.

58. The DOJ Request, FBI Request, and EOUSA Request complied with all applicable regulations regarding the submission of FOIA requests.

59. Defendants have not released any records or portions thereof in response to the DOJ Request, FBI Request, or EOUSA Request.

60. Defendants DOJ and EOUSA have not cited any exemptions to withhold records or portions thereof that are responsive to the DOJ Request or EOUSA Request.

61. Defendant FBI has not demonstrated that records responsive to the FBI Request are exempt under FOIA.

62. Defendants have not identified how disclosure of each of the records or portions thereof sought by the DOJ Request, FBI Request, or EOUSA Request would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A).

63. Records responsive to the DOJ Request, FBI Request, and EOUSA Request are required to be released under FOIA.

64. Defendants have improperly withheld agency records responsive to the DOJ Request, FBI Request, and EOUSA Request, in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

65. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the DOJ Request, FBI Request, and EOUSA Request. 5 U.S.C. § 552(a)(6)(C)(i).

### COUNT III: VIOLATION OF FOIA
### FOR FAILURE TO GRANT FEE BENEFIT

**(Defendants DOJ and EOUSA)**

66. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing Paragraphs 1 through 47 as though fully set forth herein.

67. Defendants DOJ and EOUSA are agencies subject to FOIA. 5 U.S.C. §§ 552(f), 551.

68. The DOJ Request and EOUSA Request properly seek records under FOIA that are within the possession, custody, and/or control of Defendants DOJ and EOUSA.

69. The DOJ Request and EOUSA Request complied with all applicable regulations regarding the submission of FOIA requests.

70. The DOJ Request and EOUSA Request set forth sufficient facts and argument establishing that Plaintiff is entitled to a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II).

71. Defendants DOJ and EOUSA have not granted Plaintiff's request for a fee benefit as a representative of the news media, in violation of FOIA.

72. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the DOJ Request and EOUSA Request. 5 U.S.C. § 552(a)(6)(C)(i).

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

(1) order Defendants to conduct a search reasonably calculated to identify all records responsive to the DOJ Request, FBI Request, and EOUSA Request;

(2) enjoin Defendants from withholding all records or portions thereof responsive to the DOJ Request, FBI Request, and EOUSA Request that may not be withheld under FOIA;

(3) issue a declaration that Plaintiff is entitled to disclosure of the requested records;

(4) issue a declaration that Plaintiff is entitled to a fee benefit as a representative of the news media for the purposes of the DOJ Request and EOUSA Request;

(5) issue a declaration that the failure of Defendants DOJ and EOUSA to provide a timely determination in response to the DOJ Request and EOUSA Request violates their obligations under FOIA;

(6) award Plaintiff reasonable attorney fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7) grant such other relief as the Court may deem just and proper.

Dated: September 23, 2019

Respectfully submitted,

/s/ Katie Townsend
Katie Townsend
D.C. Bar No. 1026115
Email: ktownsend@rcfp.org
Adam A. Marshall
DC Bar No. 1029423
Email: amarshall@rcfp.org
Gunita Singh
D.C. Bar No. 1601923
Email: gsingh@rcfp.org
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9303
Facsimile: 202.795.9310

*Counsel for Plaintiff*